**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Jeremias Lucas Felipe,<br><br>                Petitioner,<br><br>    v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>                Respondent. | No. 21-636<br><br>Agency No.    A213-212-387<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023**
Pasadena, California

Before: LEE, BRESS, MENDOZA, Circuit Judges.

Petitioner Jeremias Lucas Felipe, native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals ("BIA") order

upholding an Immigration Judge's ("IJ") denial of Lucas Felipe's application

for asylum, withholding of removal, and Convention Against Torture ("CAT")

relief.  We review *de novo* the BIA's determinations on questions of law.

*Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013).  The BIA's factual

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings are reviewed for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The evidence does not compel the conclusion that Lucas Felipe's race, indigenous Mayan, was a reason for why Lucas Felipe was targeted. Lucas Felipe's assailant demanded money and did not mention Lucas Felipe's race. Importantly, Lucas Felipe testified that he did not know why he believed he was targeted because of his race. Based on this evidence, the record does not compel the conclusion that Lucas Felipe was targeted because of his race. *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009).

Moreover, although the record contains evidence that Guatemala has problems with corruption and gang violence, the evidence does not compel the conclusion that the government is unable or unwilling to control Lucas Felipe's assailant or gangs within the country. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[D]esire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

We similarly conclude that the record does not compel the conclusion that Lucas Felipe has demonstrated a nexus to a protected ground sufficient to entitle him to withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d

351, 359 (9th Cir. 2017).  Substantial evidence supports the BIA's determination that Lucas Felipe did not demonstrate that it is "more likely than not" that he would "be tortured with the consent or acquiescence of a public official if removed to h[is] native country."  *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**